## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANGELA S. HOOD** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. PJM 04-3544 |
| | * | |
| **JOHN E. POTTER,** | * | |
| **POSTMASTER GENERAL**, | * | |
| | * | |
| Defendant. | * | |

## <u>MEMORANDUM OPINION</u>

### I.

Plaintiff Angela Hood, a female Flat Sorter Mail Operator for the United States Postal Service (the "Postal Service"), has filed a *pro se* Complaint against her employer pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq. ("Title VII"), alleging a hostile work environment based on gender. The matter is before the Court on Postmaster General Potter's unopposed Motion for Summary Judgment.

No hearing is necessary to dispose of this matter. *See* Local R. 105.6 (D. Md. 1999). Having considered the motions, the Court will GRANT defendant's Motion for Summary Judgment. [1]

### II.

---

[1] On June 15, 2005, Potter filed his Motion for Summary Judgment. The Clerk's Office sent Hood a Rule 12/56 letter on June 28, 2005. Hood's opposition was due by July 5, 2005, but she did not file any response. On October 6, 2005, the Court granted Hood an extension of time until November 21, 2005 to respond to the Motion. The Court explained that "[i]f no response is received by that time, the Court will rule on Potter's motion, which may result in a judgment against her." No further response has been received from Hood since that time.

In her complaint, Hood alleges five separate incidents in which her supervisor, Darryl Parker yelled, embarrassed and belittled her in front of her peers. [2]  She alleges that this behavior created a hostile work environment based on gender.

The relevant facts are these:

The Postal Service hired Hood on April 9, 1987 as a Part-Time Flexible Distribution Clerk Machine Operator.  On August 9, 1989, she was promoted to a full-time clerk.

In the first incident she complains of, that took place on October 29, 2001, [3] Hood alleges that Parker verbally harassed her with profanity when she returned to her shift late from lunch.  Hood concedes she returned late, explaining that her tardiness was due to the change of the hour from Daylight Savings Time.  Upon returning to her shift, Hood says that Parker yelled "you are full of shit; you have a lot of shit with you."  Hood found the incident humiliating and embarrassing.

In the second incident, on January 15, 2004, Hood alleges Parker summoned her to the Manager Distribution Operations ("MDO") office where Parker and Manager Thomas Walls "incorrectly" accused her in a "threatening and hostile" manner of

---

[2]

Although Hood's Complaint lists six dates alleging incidents of a hostile work environment, she only provides facts relating to five incidents.  The Court will therefore consider only the five incidents she describes with particularity.  *See* Fed. R. Civ. P. 8(a).

[3]

The Postal Service argues that the Court should disregard this incident because Hood failed to include the incident in her EEO Complaint and therefore did not exhaust her administrative remedies.  A plaintiff must exhaust administrative remedies for a Title VII claim before bringing that claim in district court. *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Here, however, the October 2001 incident is not a separate claim, but merely background to the alleged hostile work environment claim which she properly exhausted with the EEO.  Moreover, the October 2001 incident is "reasonably related" to her EEO claim and will therefore be considered by the Court.  *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 962-63  (4th Cir. 1996).

2

working unauthorized overtime.  Thereafter, Hood received an apology from Manager

Walls, but not from Parker.

In the third incident, on January 18, 2004, Hood alleges Parker slammed the

phone in her ear in response to a phone request for overtime.  Before disconnecting,

Hood alleges that Parker spoke to her in a "loud, rude and belligerent" manner.

In the fourth incident, on May 2, 2004, Hood alleges Parker inappropriately

reprimanded her for reading a personal book during her shift.  Hood admits that she was

reading a book, but was only doing so because she had completed her tasks in her

rotation.  Parker instructed Hood to put her book away, and in doing so, "pointed his

finger" at her and "was loud when he spoke to [her]."  Hood also alleges that she

observed Parker approach a male employee who was also reading a book, but did not

hear Parker reprimand the male employee.

Finally, in the fifth incident, on May 23, 2004, Hood alleges Parker yelled at her

in a "loud and abusive" tone when she returned to her shift late from lunch.

Following the fifth incident, Hood approached Manager Thomas Walls in May

2004 to report that "she was confronted by Mr. Parker in an abusive manner."  Walls,

complying with the Postal Service's sexual harassment policy, conducted a prompt

investigation which included an interview with Parker, and took corrective action of the

harassment claims by instructing Parker to conduct himself in a professional manner.

Walls further states that he received no additional complaints from Hood.

On June 14, 2004, Hood filed a Pre-Complaint Counseling Form with the Postal

Service's Equal Employment Opportunity Office ("EEO") alleging a hostile work

environment based on gender.  While she participated in a mediation session with an

EEO Counselor, she did not reach an agreement.  On August 11, 2004, she filed a formal

complaint with the EEO, repeating the claims stated in her Pre-Complaint Counseling

Form.  On August 26, 2004, the EEO dismissed Hood's complaint for failure to state a

claim and granted her the right to file a civil action in this Court.  This action was filed on

November 4, 2004.

III.

Summary judgment is appropriate only if there is no genuine issue of material

fact.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

party cannot create a genuine issue of material fact through "speculation or compilation

of inferences."  *Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998).  When

a moving party supports its motions with affidavits and other appropriate exhibits, the

opposing party "may not rest upon mere allegations or denials of the adverse party's

pleading, but the . . . response, by affidavits or as otherwise provided in this rule, must set

forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

Summary judgment is proper "[w]here the record taken as a whole could not lead to

rational trier of fact to find for the non-moving party . . ."  *Matsushita Elec. Indus. Co. v.

Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

IV.

4

In order to establish a Title VII hostile work environment claim based on gender, Hood must show that: (1) she was subjected to unwelcome conduct; (2) the conduct was based on her gender; (3) the conduct was sufficiently severe or pervasive to create an abusive working environment; and (4) a reason exists to impute liability to her employer. *Ocheltree v. Scollon Productions, Inc*. 335 F.3d 325, 331 (4th Cir. 2003).

The Court will assume, as to the first element, that Hood was subjected to unwelcome conduct.

In order to meet the second element, however, Hood must show that the alleged harasser engaged in unwelcome conduct "because of" her gender.  42 U.S.C.A. §2000e-2(a)(1).  In order to meet this standard, the alleged harasser must engage in conduct motivated by or related to gender.  For example, a supervisor who subjects females, but not males to disadvantageous terms or conditions of employment has engaged in unwelcome conduct "because of" gender.  *Oncale* v. *Sundowner Offshore Servs., Inc*., 523 U.S. 75, 80 (1998).

To satisfy the third element, the unwelcome conduct must be sufficiently severe or pervasive to create what a reasonable person would consider to be an objectively hostile or abusive work environment.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  Unwelcome conduct can collectively constitute a violation of Title VII when it occurs over a series of events.  However, a single incident that is "extraordinarily severe" will also suffice to establish the third prong of a hostile work environment claim.  *See Howley v. Town of Stratford*, 217 F.3d 141, 154 (2d Cir. 2000) (finding supervisory conduct "extraordinarily severe" when a female firefighter was subjected to one incident

in which her supervisor yelled a tirade of obscene and discriminatory comments implying that she was incompetent and only was promoted because she performed fellatio, in a room where she was the only female firefighter and many of the men were her subordinates).  To determine whether a reasonable person in the plaintiff's position would find the work environment objectively hostile or abusive, the court considers "the totality of the circumstances," including the frequency of the unwelcome conduct; the severity of the conduct; whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and whether the conduct interfered with the employee's work performance.  *Harris*, 510 US at 23.  Personality conflicts and unfair treatment are an inevitable by-product of employment relationships and they do not alone establish a discriminatory hostile work environment.  *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 282 (4th Cir. 2000).

## V.

Potter argues that, as a matter of law, Hood has failed to establish elements two and three: that the unwelcome conduct was "because of" her gender or that the alleged incidents were sufficiently pervasive or severe to create a hostile work environment.[4] The Court agrees.

Potter first submits that Hood has presented no evidence that she was subjected to unwelcome conduct based on her gender.  Indeed, the complaint is devoid of any suggestion, beyond mere speculation, that Parker singled her out for adverse treatment

---

[4] Potter concedes that Hood establishes the first element of her claim because the alleged harassment was unwelcome.

"because of" her gender.  Although the complaint states generally that Parker "singled [her] out to bear the brunt of targeted hostile behavior," none of the incidents alleged refers to direct or circumstantial evidence of discriminatory adverse actions or comments based on Hood's gender.

Hood cites one incident of possible discriminatory treatment between Hood and a male co-worker when, on May 2, 2004, she claims Parker yelled at her for reading a book on shift, while "no words were exchanged with the other [male] employee who was also reading personal material."  This isolated, essentially trivial incident, is insufficient to support a reasonable inference that Parker adversely discriminated against female workers only, so as to create legal liability on Defendant's part.  Hood may have experienced unwelcome and unpleasant reprimands from Parker, but none of the incidents she complains of prove even remotely that he did so "because of" her gender.  Hood's personal belief that Parker yelled at her because of her gender cannot, without more, substantiate her claim.  *See Goldberg v. B. Green and Co.*, 836 F.2d 845, 848 (4th Cir. 1988) ("[Plaintiff's] own naked opinion, without more, is not enough to establish a prima facie case of . . . discrimination.")   Hood therefore cannot meet the second element of her claim.

Potter also contends that the harassing incidents were not sufficiently pervasive or severe because they were infrequent and not objectively hostile.  Although Hood may well have subjectively perceived her environment to be hostile, she fails to show that a reasonable person would objectively find Parker's conduct intolerable.  Again, the Court agrees.

7

The alleged conduct was certainly not pervasive; Hood does not allege that she was subjected to daily abusive tirades or repeated use of inappropriate and vulgar terms. *See, e.g, Ocheltree*, 335 F.3d at 328 (finding pervasive conduct when plaintiff was subjected to "a daily stream of discussion and conduct that was sex-based or sexist."). Instead, Hood's Complaint alleges five isolated incidents over a period of three years.

Nor was the alleged conduct severe.  The "totality of the circumstances" suggest little more than a handful of incidents demonstrating a personality conflict between Hood and Parker.  None of the alleged incidents rises to the level of severity that would humiliate a reasonable person, or alter a term or condition of Hood's employment. Although Parker may have raised his voice while reprimanding Hood, – often for perceived errors in her work – this does not establish a Title VII claim.  "Mere evidence . . . which engenders offensive feelings in a[n] employee, does not sufficiently affect the conditions of employment to implicate Title VII."  *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986).  Because no reasonable juror could find that the incidents, either isolated or collectively, were discriminatory based on gender, or sufficiently severe or pervasive so as to create a hostile work environment, this Court grants summary judgment. [5]

---

[5] Even assuming that Hood could establish a hostile work environment (which she cannot), she does not demonstrate how that fact could be imputed to the Postal Service, the fourth element of a hostile work environment claim.  In fact, the record shows that in response to Hood's May 2004 complaint of harassment, Manager Walls immediately conducted an internal investigation and reprimanded Supervisor Parker as required by the Postal Service's sexual harassment policy.  Because the Postal Service knew about the supposed harassment and took effective action to stop it, it immunized itself from vicarious liability.  *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 759 (1998).

For the foregoing reasons, the Postal Service's Motion for Summary Judgment is GRANTED.


A separate order will be ENTERED.


_____ /s/ _____
                                        **PETER J. MESSITTE**
**March 24, 2006**            **UNITED STATES DISTRICT JUDGE**